**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:22 PM October 3, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MARK DOUGLAS MOORE, SR. | ) | CASE NO. 15-62639 |
| AND LISA DIANN MOORE, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | |

This case is before the court following the death of co-debtor Lisa Diann Moore in August 2017. The question presented to the court is whether a deceased chapter 13 debtor may convert to chapter 7 and obtain a discharge. Debtors argue in favor of conversion.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The court is authorized to enter a final decision in this matter. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

## FACTS

The facts are short and uncomplicated. Debtors filed a joint chapter 13 case on

1

December 29, 2015. The court confirmed a sixty month plan on July 28, 2016. Mrs. Moore died on August 12, 2017. Without Mrs. Moore's income, Mr. Moore cannot complete the chapter 13 plan and on August 25, 2017, a Notice of Voluntary Conversion from Chapter 13 to Chapter 7 was filed on behalf of both debtors. The court issued a Notice of Intent to Sever the Case and reconvert Mrs. Moore to chapter 13 because Mrs. Moore was not eligible to convert to Chapter 7. Mr. Moore objected and filed a memorandum of law in support of allowing the conversion for Mrs. Moore to stand.

## DISCUSSION

Dead debtor issues plague the court because of the dearth of direct guidance in the Bankruptcy Code. As a result, case law looks like a seismograph needle in the middle of an earthquake.

When a death occurs in a pending chapter 13 case, Bankruptcy Rule 1016 states that "the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." Two options are mentioned, dismissal and "further administration." The definition of "further administration" is elusive. Generally, the court understands "administration" to be a term of art that references a trustee's handling of an estate. Does the rule contemplate that the chapter 13 case of a dead debtor will continue to be administered under the chapter in which it was filed, or is the term broad enough to allow conversion and administration under chapter 7? There is authority that broadly defines the term. In re Roberts, 570 B.R. 532 (Bankr. S.D. Miss. 2017). There is also authority that defines it more narrowly. In re Spiser, 232 B.R. 669 (Bankr. N.D. Tex. 1999). For the following reasons, the court adopts the narrower interpretation.

Generally, the death of a debtor will result in dismissal of a chapter 13 case because of the inability to fund the plan. In the unusual situation where funding remains viable, Rule 1016 contemplates the case would proceed as if the debtor had not died. The expected conclusion of a chapter 13 case is to complete payments under the plan and obtain a discharge, it is not to convert the case to chapter 7. Spiser at 673. This requires the court to contort the natural reading of "further administration" beyond its logical reading. In chapter 13, "further administration" is the continued receipt of payments by the trustee and distribution to creditors according to a confirmed plan.

More importantly, § 1307(g) states that a chapter 13 debtor can convert to chapter 7 only if the debtor is eligible to be a debtor under chapter 7. Since a decedent's estate is not a "person" for § 109(b) purposes, a probate estate cannot be a chapter 7 debtor. In re Perkins, 381 B.R. 530 (Bankr. S.D. Ill. 2007); Spiser, 232 B.R. 669; In re Seegers, 2009 WL 2883019 (Bankr. D.C. 2009) (unpublished); *see also* 11 U.S.C. § 101(41). Mrs. Moore is therefore also ineligible to convert. In re Jarrett, 19 B.R. 413 (Bankr. M.D.N.C. 1982). The court is aware of, and disagrees with, case law that looks at a debtor's eligibility at the time of filing. Perkins, 381 B.R. 530; *see also* Roberts, 570 B.R. 532 (discussing in context of a motion to reopen a chapter 13 case). It is simply illogical to use the filing date as the benchmark. Conversion results from a change in

circumstance warranting alteration in the original tack of the case yet, facts which should not be ignored.

Section 706(d) can be used comparatively. It is the complementary section for conversion from chapter 7 cases to other chapters. If the situation was reversed, and the chapter 7 debtor died after filing, and moved to convert to chapter 13, would these courts continue to ignore the death, relying instead on the debtor's eligibility at filing? The court finds it highly unlikely. While a seemingly absurd example, it does drive home the point that there must be a consistent reading and understanding in an effort to make the sections cohesive. The court concludes that the debtor must meet the eligibility requirements at the time of the conversion.

One of the main reasons a probate estate cannot be a debtor is because the entire structure of probate law is designed to address the assets and liabilities of a decedent's estate, making bankruptcy adjustment unnecessary. Correspondingly, a deceased debtor does not need the benefit of a fresh start, one of the principal purposes of a bankruptcy discharge. These policies do not support conversion.

Finally, the court is also concerned about obvious, possible ethical dilemmas. First, the question arises about who is directing this action. Johnson v. Gregory Cty. Auditor (In re Johnson), 402 B.R. 313 (B.A.P. 8th Cir. 2009). Mrs. Moore is deceased and no probate representative has been appointed for her estate. Who is making this decision? We can be absolutely certain it is not her. Also, when Debtors filed this case, their interests were aligned but it is conceivable that her estate's interest could differ from that of her husband.

The sum of the above impels the inescapable conclusion that Mrs. Moore's case cannot be converted to chapter 7. An order in accordance with this opinion will be issued immediately.

#    #    #

**Service List:**

Mark Douglas Moore, Sr.
3488 Misere Road
Orrville, OH 44667

Thomas Karl Mast
111 South Buckeye Street
Suite 240
Wooster, OH 44691

Toby L. Rosen, Trustee
400 W Tuscarawas Street
Citizens Bank Bldg. 4th Floor
Canton, OH 44702

Anthony J. DeGirolamo
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718